No. 15-1336

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

ROCKY MOUNTAIN GUN OWNERS and
COLORADO CAMPAIGN FOR LIFE,
*Plaintiffs-Appellants,*

v.

WAYNE W. WILLIAMS and
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,
trading as Colorado Ethics Watch,
*Defendants-Appellees*

_____

On Appeal from the United States District Court for the District of Colorado,
No. 1:14-cv-02850-REB
The Honorable Robert E. Blackburn

_____

BRIEF OF APPELLEE COLORADO ETHICS WATCH

_____

*ORAL ARGUMENT NOT REQUESTED*

Margaret G. Perl
Luis A. Toro
COLORADO ETHICS WATCH
1630 Welton Street, Suite 203
Denver, CO 80202
Telephone: 303-626-2100
Fax: 303-626-2101

*Attorneys for Appellee Colorado Ethics Watch*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF PRIOR OR RELATED CASES ................................ 1

CORPORATE DISCLOSURE STATEMENT ....................................... 1

JURISDICTIONAL STATEMENT ..................................................... 1

STATEMENT OF ISSUES ON APPEAL ............................................ 1

STATEMENT OF THE CASE............................................................. 1

    A.  Facts and Procedural History of the State Enforcement Proceeding ............. 3

    B.  Resolution of the District Court Case ............................................ 5

STANDARD OF REVIEW ................................................................ 6

SUMMARY OF ARGUMENT ........................................................... 6

ARGUMENT ................................................................................... 7

    I.   This Court does not have jurisdiction over these claims because they are moot. ...................................................................................... 7

        A. RMGO and CCFL's claims are constitutionally moot. ................... 9

        B. RMGO and CCFL's claims are not capable of repetition yet evading review... ................................................................................ 12

    II.   The District Court correctly abstained from interfering with state court enforcement proceedings under *Younger*... ...................................... 15

        A. Colorado's state enforcement of its campaign finance laws are proceedings worthy of *Younger* abstention. ..................................... 16

        B. Exempting campaign finance enforcement from *Younger* analysis would subvert the intent of the Colorado Constitution.... ............................. 20

        C. First Amendment rights of those filing complaints may be harmed if Younger abstention does not apply to campaign finance enforcement.. ...... 22

CONCLUSION ............................................................................... 25

CERTIFICATE OF SERVICE ...............................................................................25

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .....................................26

CERTIFICATE OF DIGITAL SUBMISSION .......................................................26

# TABLE OF AUTHORITIES

## Cases

*Bill Johnson's Rests. v. NLRB*, 461 U.S. 731 (1983) ................................................23

*Cerbo v. Protect Colo. Jobs, Inc.*, 240 P.3d 495 (Colo. App. 2010) ............... 11, 22

*Citizen Center. v. Gessler*, 770 F.3d 900 (10th Cir 2014) ........................................10

*Citizens United v. Fed. Election Com'n*, 558 U.S. 310 (2010) ...............................24

*Colorado Right to Life Cmte v. Coffman*, 498 F.3d 1137 (10th Cir. 2007).............22

*Crocog Co. v. Reeves*, 992 F.2d 267 (10th Cir. 1993)...............................................21

*Davis v. Fed. Election Com'n.*, 554 U.S. 724 (2008) ................................................13

*Fletcher v. United States*, 116 F.3d 1315 (10th Cir 1997)..........................................9

*Geier v. Mo. Ethics Comm'n*, 715 F.3d 674 (8th Cir. 2013) ....................................19

*Horrell v. Dep't of Admin.*, 861 P.2d 1194 (Colo. 1993) ........................................11

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) ........................................................16

*In re L.F. Jennings Oil Co.*, 4 F.3d 887 (10th Cir. 1993).....................................8, 12

*Jordan v. Sosa*, 654 F.3d 1012 (10th Cir. 2011)...................................... 8, 10, 11, 13

*Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261 (10th Cir. 1999)...............8

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990) .............................................9

*McKeen v. U.S. Forest Service*, 615 F.3d 1244 (10th Cir. 2010) .............................14

*Protect Our Mountain Env't, Inc. v. District Court of County of Jefferson,* 677 P.2d
    1361 (Colo. 1984) ................................................................................................23

*San Jose Silicon Valley Chamber of Commerce Political Action Cmte v. City of
    San Jose*, 546 F.3d 1087 (9th Cir. 2008) .............................................................19

*Sprint Communications v. Jacobs*, 134 S. Ct. 584 (2013)................................. 18, 19

*United States v. Fisher*, 2015 U.S. App. LEXIS 19620 (10th Cir. Nov. 10, 2015) ...8

*United Transp. Union v. State Bar of Michigan*, 401 U.S. 576, 585 (1971). ..........22

*Weinstein v. Bradford*, 423 U.S. 147 (1975) ...........................................................13

*Younger v. Harris*, 401 U.S. 37 (1971).......................................................... passim

## Statutes

Colo. Rev. Stat. § 24-4-106(11)...................................................................................5

Colo. Rev. Stat. § 1-45-101 .......................................................................................17

Colo. Rev. Stat. § 1-45-108 .........................................................................................2

## Regulations

8 CCR 1505-6, Rule 18.2............................................................................................17

8 CCR 1505-6, Rule 18.5.................................................................18

**Constitutional Provisions**

Colo. Const. art. II, § 6.................................................................22

Colo. Const. art. XXIX, § 6(1)........................................................2

Colo. Const. art. XXVIII............................................................ passim

Colo. Const. art. XXVIII, § 1..........................................................17

Colo. Const. art. XXVIII, § 10(2).............................................. 17, 18

Colo. Const. art. XXVIII, § 2(7).......................................................14

Colo. Const. art. XXVIII, § 9(2)................................................. passim

Colo. Const. art. XXVIII...................................................................7

U.S. Const., amend. I .............................................................. 22, 24

## STATEMENT OF PRIOR OR RELATED CASES

There are no prior or related appeals.

## CORPORATE DISCLOSURE STATEMENT

Colorado Ethics Watch ("Ethics Watch") is the registered trade name in
Colorado of Citizens for Responsibility and Ethics in Washington, a Delaware
non-profit corporation, which does not have any parent corporation or publicly
held corporation that owns 10% or more of its stock.

## JURISDICTIONAL STATEMENT

For the reasons set forth below, the court lacks subject matter jurisdiction
over this case because it is moot.

## STATEMENT OF ISSUES ON APPEAL

1.      Whether this appeal by Rocky Mountain Gun Owners ("RMGO") and
Colorado Campaign for Life ("CCFL") is moot and must be dismissed on
jurisdictional grounds.

2.      Whether the District Court properly applied the *Younger* abstention
doctrine to state enforcement proceedings for campaign finance violations as
authorized under the Colorado Constitution.

## STATEMENT OF THE CASE

RMGO and CCFL filed suit in federal court against Ethics Watch and the
Secretary of State ("Secretary") in an attempt to enjoin Colorado state

administrative proceedings to enforce state laws that require disclosure of spending and earmarked donations for electioneering communications under Colo. Const. art. XXIX, § 6(1), Colo. Rev. Stat. § 1-45-108. Pursuant to the Colorado Constitution, Ethics Watch was required to prosecute this enforcement action at trial in the Office of Administrative Courts ("OAC") and defend a ruling finding a violation in any subsequent appeals. The District Court properly denied RMGO and CCFL's motions for a temporary restraining order and preliminary injunction under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). (Aplt. App. at 155). After briefing, the District Court granted the motion to dismiss RMGO and CCFL's case on *Younger* grounds and rejected a last minute effort by Appellants to extend the life of their case and conduct discovery on alleged "bad faith" by Ethics Watch in pursing the OAC enforcement case. (Aplt. App. at 279).

All aspects of Ethics Watch's campaign finance complaint, as well as RMGO and CCFL's allegations that Colorado's disclosure law is unconstitutional as applied to them, have been fully litigated before a Colorado administrative law judge. Final agency action was entered against RMGO and CCFL, fining them and ordering them to comply with Colorado law. (Aplt. App. at 277). Not only has the time to appeal this decision expired, but both organizations have filed the challenged public disclosures and RMGO has paid the civil penalty, leaving nothing for a court to enjoin. (Aplt. Br. at 6).

## A. Facts and Procedural History of the State Enforcement Proceeding

Ethics Watch is a nonprofit organization committed to ensuring Colorado government is transparent and accountable to citizens. Filling a need created by Colorado law's requirement that most campaign finance law is enforced by the private sector on behalf of the state, Ethics Watch has filed and litigated several campaign finance complaints in Colorado's courts. On September 9, 2014 Ethics Watch filed a campaign finance complaint against RMGO and CCFL alleging violations of the constitutional and statutory "electioneering communications" disclosure requirements in connection with mailings sent to Republican primary voters in two state Senate districts in June 2014. (Aplt. App. at 18-19).

In anticipation of a hearing originally scheduled for September 23, 2014, Ethics Watch filed notices of depositions and requests for documents in September pursuant to OAC rules. RMGO and CCFL were able to reschedule the OAC hearing for November 6, 2014 pursuant to Colo. Const. art. XXVIII, § 9(2)(a). All of Ethics Watch's discovery requests were withdrawn before responses were required, or depositions were held, because the parties agreed to a joint stipulation of facts, which was filed with the OAC on October 20, 2014. That same day, Ethics Watch received a copy of the RMGO and CCFL's Complaint filed in the District Court. The administrative law judge continued the hearing again to

3

December 17, 2014 to accommodate initial District Court proceedings, and Ethics Watch did not oppose that continuance. (Aplt. App. at 270).

On November 7, 2014, RMGO and CCFL filed a motion for preliminary injunction enjoining Ethics Watch from proceeding with the OAC hearing and staying all state enforcement proceedings until the District Court ruled on their constitutional challenges to Colorado campaign finance law. On December 16, 2014, RMGO and CCFL also filed a motion for temporary restraining order seeking the same relief on the same grounds. On December 16, 2014, the District Court denied both motions ruling that the Court must abstain from exercising jurisdiction over the case under *Younger*. (Aplt. App. at 155-65).

The OAC hearing went forward as scheduled on December 17, 2014. At that hearing, counsel for RMGO and CCFL presented the same arguments that were presented in the District Court Complaint: that Colorado's disclosure provisions were unconstitutional as applied to both groups. Indeed, all briefs of the parties in the preliminary injunction proceedings of the District Court were submitted and considered by the Administrative Law Judge as part of the OAC record. (Aplt. App. at 274).

On December 23, 2014, Judge Spencer issued a Final Agency Decision finding RMGO and CCFL in violation of Colorado law, analyzing and rejecting the as-applied constitutional challenge, and ordering RMGO and CCFL each to file

the appropriate reports and pay $8,450 in civil penalty fines within thirty days to the Secretary. (Aplt. App. at 269-278).

Pursuant to Colo. Const. art. XXVIII, § 9(2)(a) and Colo. Rev. Stat. § 24-4-106(11), the December 23 decision and sanctions order were subject to appellate review by the Colorado Court of Appeals. RMGO and CCFL chose to allow the 45-day period to expire without filing an appeal. RMGO paid the civil penalty fine in March 2015, but CCFL does not appear to have yet paid the fine. (Aplt. Br. at 6). Ethics Watch did not file a private action against CCFL to enforce the district court's order pursuant to Colo. Const. art. XXVIII, § 9(2)(a) within the one-year statute of limitations running from the date of the violation, which was July 1, 2014. (Aplt. App. at 277). Ethics Watch could not have filed such an action against RMGO because RMGO fully complied with the OAC's order. (Aplt. Br. at 6).

## B. Resolution of the District Court Case

The Secretary filed a Motion to Dismiss the District Court case on *Younger* grounds on December 22, 2014. (Aplt. App. at 166-74). Ethics Watch supported the Secretary's motion (Aplt. App. at 166). RMGO and CCFL not only opposed this motion, but also moved the District Court to defer consideration of the Motion to Dismiss for 60 days to permit discovery from Ethics Watch regarding its alleged "bad faith" in the OAC proceedings that could form the basis of an argument that the "bad faith" exception to the *Younger* abstention doctrine should apply. (Aplt.

App. at 175-257). This motion was filed on January 15, 2015, weeks after Judge Spencer issued the decision and sanction order in the enforcement case. By the time RMGO and CCFL filed the reply brief with the District Court on this motion, the time limit to file an appeal of the OAC proceedings had expired.

On August 12, 2015, the District Court denied RMGO and CCFL's motion for discovery and granted the Motion to Dismiss holding the *Younger* abstention was appropriate and that the "bad faith" exception was not applicable. (Aplt. App. at 279-90). RMGO and CCFL's appeal to this Court challenges only the District Court's holding on the Motion to Dismiss that *Younger* abstention was appropriate and does not raise the "bad faith" contention in its appeal.

## STANDARD OF REVIEW

Ethics Watch agrees with Appellant's statement of the standard of review.

## SUMMARY OF ARGUMENT

RMGO and CCFL's case challenging Colorado campaign finance disclosure laws and the District Court's application of the *Younger* abstention can be summed up in a single word – moot. There is no possible relief that can be awarded to Appellants in this case as the state court enforcement proceedings at issue are completed. The Court should not indulge this blatant attempt at forum shopping where RMGO and CCFL chose not to appeal the final order and fines levied

against them in the state court system, but sought instead to collaterally attack that ruling in the District Court.

If the Court does find jurisdiction over this appeal, the District Court should be affirmed because the civil enforcement proceedings at issue here are well within the policy underlying *Younger*. RMGO and CCFL's arguments that Colorado state campaign finance proceedings are categorically excluded from *Younger* abstention analysis run counter to the purpose of the *Younger* abstention doctrine, and would subvert the intent of Colo. Const. art. XXVIII establishing a comprehensive state law campaign finance regulatory and enforcement scheme. Adopting RMGO and CCFL's analysis would also raise the potential for violation of the First Amendment rights of Ethics Watch and all other persons in Colorado seeking to bring enforcement cases under Colo. Const. art. XXVIII.

## ARGUMENT

### I. This Court does not have jurisdiction over these claims because they are moot.

Without delving into RMGO and CCFL's claims regarding the specific methodology to be followed under the *Younger* abstention doctrine, this Court should dismiss this appeal on the jurisdictional grounds of mootness. "The mootness question necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the

7

jurisdiction of the federal courts." *In re L.F. Jennings Oil Co*., 4 F.3d 887, 888 (10th Cir. 1993) (quotation omitted).

 "Article III of the United States Constitution limits the jurisdiction of federal courts to the adjudication of 'Cases' or 'Controversies.'" *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011). A case which was properly before the District Court may become moot by the time an appeal is considered in this Court. *See United States v. Fisher*, 2015 U.S. App. LEXIS 19620, *16 (10th Cir. Nov. 10, 2015) ("This case-or-controversy limitation requires that parties continue to have a personal stake in the outcome of a lawsuit during all stages of litigation, including appellate review."). "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Jordan*, 654 F.3d at 1023 (quotation omitted).

This court may proceed to the merits of RMGO and CCFL's claims only if these organizations still have a personal stake in the outcome of the appeal and actual relief can be granted by this Court. "The core question in [a] mootness inquiry is whether granting a present determination of the issues offered will have some effect in the real world." *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999). The state proceedings RMGO and CCFL sought to

enjoin are complete, therefore, RMGO and CCFL's suit to enjoin those proceedings is now moot.

### A. RMGO and CCFL's claims are constitutionally moot.

Although mootness was raised by Appellants in their Docketing Statement filed with this Court, they do not address the issue in their Opening Brief. Before the District Court's final order on the Motion to Dismiss was issued, RMGO and CCFL had litigated, lost, and chosen not to appeal their constitutional challenges to enforcement of Colorado's campaign finance disclosure laws as applied to their behavior in the 2014 primary election. Both parties filed public reports with the Secretary in compliance with the OAC order, thereby mooting their constitutional objection to such disclosure, and RMGO has paid the full amount of the fine levied. The entire federal court case – and this appeal – is based upon RMGO and CCFL seeking injunctive and declaratory relief against Ethics Watch that can no longer be given.

To survive the constitutional mootness test, a suit must "present a real and substantial controversy with respect to which specific relief may be fashioned" and "the controversy must remain alive at the trial and appellate stages of the litigation." *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir 1997) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). There is no live controversy between the parties at the time of this appeal because Ethics Watch's

9

enforcement case against RMGO and CCFL is completed and sanctions imposed (and mostly complied with). Neither RMGO nor CCFL have a personal stake in continuing this federal case because their disclosures are filed and the state court enforcement proceedings have completed.

"Generally, a claim for prospective injunction becomes moot once the event to be enjoined has come and gone." *Citizen Center v. Gessler*, 770 F.3d 900, 907 (10th Cir 2014). The Court cannot order the injunctive relief sought by RMGO and CCFL against Ethics Watch or the Secretary because there are no state enforcement proceedings to enjoin. Nor can this Court enjoin Ethics Watch or the Secretary from enforcing the electioneering communication disclosure provisions against RMGO and CCFL; they have already complied. Unlike the plaintiffs in *Citizen Center*, RMGO and CCFL do not seek injunctions for future elections or conduct, but simply to stop state enforcement proceedings or the application of disclosure requirements to past conduct in 2014. *See id.* There is no future conduct or injury at issue in RMGO and CCFL's claims. "Where a plaintiff seeks an injunction, his susceptibility to continuing injury is of particular importance" when a court considers whether to dismiss an appeal for mootness. *Jordan*, 654 F.3d at 1024. With the state enforcement proceedings complete, there is no chance of future injury to RMGO or CCFL, and no threatened behavior of Ethics Watch to enjoin, rendering the injunctive claims moot.

"When we apply the mootness doctrine in the declaratory judgment context, '[i]t is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff.'" *Jordan*, 654 F.3d at 1025 (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109-10 (10th Cir. 2010)). The Court cannot provide any effective remedy to RMGO and CCFL for their claim seeking declaratory judgment that Colorado's electioneering communications disclosure requirements are unconstitutional. Both organizations raised their as-applied constitutional challenge in the OAC proceedings. When the OAC rejected those claims, RMGO and CCFL chose to accept that ruling instead of appealing. In a direct appeal to the Colorado Court of Appeals, RMGO and CCFL could have received judicial review of the as-applied constitutional claim and raised the facial constitutional claims. *See Cerbo v. Protect Colo. Jobs, Inc.*, 240 P.3d 495, 504 (Colo. App. 2010) (facial constitutional challenges to Colorado campaign finance laws can be raised for the first time on appeal from an OAC order); *Horrell v. Dep't of Admin.*, 861 P.2d 1194, 1198 n.4 (Colo. 1993) (state agency had jurisdiction to rule on as-applied constitutional challenge).

By choosing not to appeal and instead filing disclosures and paying fines, thus terminating the state proceedings with a ruling adverse to them, RMGO and

11

CCFL transformed their federal court as-applied and facial constitutional challenges to Colorado law into requests for hypothetical advisory opinions, which are not properly considered by this Court. There is no remaining dispute regarding the conduct of Ethics Watch towards RMGO and CCFL needing resolution. There is no relief that will change the behavior of any parties with regard to those electioneering communications made in 2014 or the now-completed state enforcement proceedings.

The only question raised by RMGO and CCFL in this appeal is whether the District Court properly applied the *Younger* abstention analysis to state enforcement proceedings. Because there are no longer any state enforcement proceedings to enjoin, a decision on those grounds would have "no practical significance" and would merely be an advisory statement regarding the *Younger* doctrine. *See In re L.F. Jennings Oil Co.*, 4 F.3d at 889. Thus, RMGO and CCFL's declaratory judgment claim is constitutionally moot.

**B. RMGO and CCFL's claims are not capable of repetition yet evading review.**

RMGO and CCFL's appeal does not meet the "capable of repetition, yet evading review" exception to mootness. This narrow exception is only to be used in exceptional circumstances and RMGO and CCFL bear the burden of establishing the two elements of the doctrine:

> (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.

*See Jordan*, 654 F.3d at 1035 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149, (1975)). Appellants have not attempted to meet this burden in their Opening Brief and the circumstances of this case do not fit the exception.

First, it was RMGO and CCFL themselves who shortened the duration of any challenged government action – either the state enforcement proceedings or the allegedly unconstitutional disclosure requirements. RMGO and CCFL chose not to appeal either of the OAC orders, thereby ending the state enforcement action. Also, both organizations chose to file the disclosures required and RMGO has paid the fine levied before the District Court's order on the Motion to Dismiss. This durational requirement is often met in cases challenging campaign finance regulations, but those cases involve claims challenging prohibitions on certain conduct that must be resolved *before an election*. *See Davis v. Fed. Election Com'n.*, 554 U.S. 724, 735 (2008). In contrast, RMGO and CCFL's claims have always been a post-election challenge to enforcement proceedings and disclosure requirements as applied to conduct that had already occurred. Thus, the action is not of short duration.

Second, there is no evidence that RMGO and CCFL will be subject to the same action(s) by Ethics Watch and the Secretary again. To the extent either organization chooses to violate Colorado law and raise challenges to the constitutionality of various campaign finance provisions in future election cycles based on different conduct and facts, they will have ample opportunity to do so. Electioneering communications disclosure requirements are triggered based on specific facts and circumstances including the timing, targeted audience, and particular language used in an advertisement. *See* Colo. Const. art. XXVIII, § 2(7). Hypothetical future conduct with different facts is not enough to apply this exception to mootness. *See McKeen v. U.S. Forest Service*, 615 F.3d 1244, 1256 (10th Cir. 2010) (refusing to apply this exception when "no credible suggestion" of future action by government actor).

The as-applied constitutional challenges comprising the foundation of the federal court complaint were litigated and decided by the OAC. RMGO and CCFL chose to comply with that order instead of appealing to the Colorado Court of Appeals (where their facial challenges could also have been heard). Far from evading review, such constitutional challenges litigated through the OAC, Colorado Court of Appeals and the Colorado Supreme Court could ultimately be reviewed by the U.S. Supreme Court. RMGO and CCFL's claims seeking to enjoin campaign finance disclosure and state enforcement proceedings here are moot.

14

This continued appeal is an attempt to re-litigate constitutional issues in a forum of Appellants' choosing, not a case that needs an exception from mootness doctrine in order to get their day in court.

## II. The District Court correctly abstained from interfering with state court enforcement proceedings under *Younger*.

Ethics Watch generally incorporates by reference here all arguments submitted to this Court by the Secretary regarding the proper methodology and factors to be used by federal courts in a *Younger* analysis. Given the unique private party enforcement scheme created in the Colorado Constitution, the District Court was correct to apply *Younger* to this matter and allow the state-level proceedings proceed to their ultimate conclusion. The actions in this case illustrate the policy reasons for such federal court abstentions under *Younger*: RMGO and CCFL have forgone the appellate process available to them in state courts and instead attempt to use the federal courts to overturn the OAC decision against them. RMGO and CCFL had ample opportunity to raise their constitutional challenges to the Colorado disclosure laws in the OAC proceedings. Categorically exempting Colorado's campaign finance cases from *Younger* analysis would subvert the intent of Colo. Const. art. XXVIII establishing a comprehensive state law campaign finance regulatory and enforcement scheme. Finally, accepting RMGO and CCFL's arguments in this appeal presents real First Amendment implications as to

15

Ethics Watch and other persons exercising their rights to petition the government with regard to Colorado's campaign finance law. The District Court's application of *Younger* abstention should be affirmed.

**A. Colorado's state enforcement of its campaign finance laws are proceedings worthy of *Younger* abstention.**

The *Younger* abstention doctrine flows from the fundamental principles of federalism which require claims to be decided in state court without the interference of the federal courts. *See Younger*, 401 U.S. at 44 (describing underlying principal of comity as "a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) ("interference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies"). This principle applies in the case here where the people of Colorado have enacted regulations applicable only to state elections and have designed the enforcement scheme of their choice to ensure these state laws are respected. RMGO and CCFL's arguments belittle these sovereign state choices in an attempt to categorically exempt Colorado campaign finance actions from consideration under *Younger*.

16

In 2002, Colorado voters passed Amendment 27, which enacted a comprehensive campaign and political finance system, declaring, among other things, "that the interests of the public are best served by . . . providing for full and timely disclosure of . . . funding of electioneering communications, and strong enforcement of campaign finance requirements." Colo. Const. art. XXVIII, § 1. Together with the Fair Campaign Practices Act ("FCPA"), Colo. Rev. Stat. §§ 1-45-101, *et seq.*, Article XXVIII establishes various registration and reporting requirements.

Article XXVIII and the FCPA also establish a two-track enforcement system. Late filings by registered entities are subject to a fine of $50 per day imposed by the Secretary, which may also be reduced by the Secretary upon a showing of "good cause" in individual cases. *See* Colo. Const. art. XXVIII, § 10(2). All other violations of Article XXVIII and the FCPA are enforced through a litigation process pursuant to which "any person" may file a complaint with the Secretary, who refers the case to an administrative law judge for resolution. *See* Colo. Const. art. XXVIII, § 9(2)(a); Colo. Rev. Stat. § 1-45-111.5(1.5)(a). The Colorado Attorney General is charged with investigating any complaints made against any candidate for the office of Secretary. *See* Colo. Const. art. XXVIII, § 9(2)(b). The Secretary or any other "appropriate officer" which received filings under Article XXVIII may also issue a notice of violation if a possible violation is

17

discovered in the course of maintaining the public filing system. *See* 8 CCR 1505-6, Rule 18.2. If the violation is not corrected, the Secretary may file and pursue an enforcement action through the OAC. *Id.*

In any of these cases, whether brought by the Secretary, the Attorney General, or other persons authorized by Article XXVIII, the OAC is empowered to impose fines of up to $50 per day for violations of disclosure requirements. *See* Colo. Const. art. XXVIII, § 10(2). Orders by the administrative judge are reviewable by the Colorado Court of Appeals. *See* Colo. Const. art. XXVIII, § 9(2)(a). The Secretary may bring an enforcement action to enforce the decision of the administrative law judge. *Id*; 8 CCR 1505-6, Rule 18.5. If the Secretary does not bring an enforcement action, a private party may bring an enforcement action within one year of the date of the violation. *Id.*

Thus, unlike the situation presented in *Sprint Communications v. Jacobs*, 134 S. Ct. 584 (2013), Ethics Watch did not commence the underlying administrative action to resolve a private dispute with RMGO or CCFL. Ethics Watch, rather, commenced the underlying action to enforce Colorado's campaign finance laws, via Colorado's chosen enforcement scheme, after those groups failed to submit reports and information required by state law. Ethics Watch had no potential recovery for damages or other relief that would benefit itself. It was acting as the chosen enforcer of state law under Article XXVIII and the action

proceeded the same as if had been brought by the Secretary, the Attorney General, or any other person pursuant to that section. *Sprint* does not require a civil enforcement action to be brought by the state in order to qualify for *Younger* abstention. *See Sprint*, 134 S. Ct. at 592 ("In cases of this genre, a state actor is *routinely* a party to the state proceeding and *often* initiates the action.") (emphasis added). The enforcement action successfully prosecuted by Ethics Watch existed solely to serve the state interest and uphold its laws.

Ethics Watch's prosecution of the alleged violations at the OAC was a part of the larger state enforcement apparatus created in Article XXVIII. The complaint was filed through the Secretary's office, which forwarded the matter to the OAC as required by Article XXVIII. (Aplt. App. at 270). The OAC decision was subject to judicial review by the Colorado Court of Appeals. Colo. Const. art. XXVIII, § 9(2)(a).

Colorado deserves the same deference and respect as other states where federal courts apply *Younger* to refuse to intervene in state campaign finance enforcement proceedings. *See, e.g., Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 679-80 (8th Cir. 2013) (upholding dismissal of District Court case under *Younger* abstention in favor of Missouri administrative enforcement of campaign finance rules); *San Jose Silicon Valley Chamber of Commerce Political Action Cmte v. City of San Jose*, 546 F.3d 1087, 1096 (9th Cir. 2008) (directing District Court to

dismiss case under *Younger* for City Elections Commission proceeding). Contrary to RMGO and CCFL's arguments that there is little state interest in enforcement of campaign finance laws, the rules surrounding permissible conduct and public disclosures with regard to state officer elections – as was the case here – are solely the concern of Colorado and are not governed by federal campaign finance law. Therefore, the principles of federalism that underlie *Younger* apply to Colorado campaign finance state enforcement proceedings regardless of which authorized prosecutor brings the action under Article XXVIII.

**B. Exempting campaign finance enforcement from *Younger* analysis would subvert the intent of the Colorado Constitution**.

RMGO and CCFL urge this Court to hold that Colorado's campaign finance enforcement cases are categorically excluded from *Younger* abstention analysis. To do so would seriously undermine enforcement of Colorado law and subvert the intent of Colo. Const. art. XXVIII.

RMGO and CCFL, like all respondents in campaign finance cases at the OAC, were able to litigate their constitutional challenges to Colorado's law in that forum. RMGO and CCFL argued the electioneering communications disclosure provisions were unconstitutional as-applied to both groups as their defense in the OAC hearing. The final order finding RMGO and CCFL violated state disclosure law specifically analyzed and rejected the as-applied constitutional challenge. In

20

addition, the OAC order could have been appealed to the Colorado Court of

Appeals, where RMGO and CCFL could also have presented any facial challenges

to the Colorado electioneering communications provisions or enforcement

procedures.

Exempting Colorado campaign finance enforcement proceedings from

consideration under *Younger* would create a flawed system where any respondent

could choose not to appeal an adverse ruling at the OAC and instead drag the

Secretary and the successful complainant into federal court to re-litigate issues that

were actually litigated, or could have been litigated, before the OAC. *See Crocog

Co. v. Reeves*, 992 F.2d 267, 269-70 (10th Cir. 1993) (upholding dismissal of

federal case as barred by claim preclusion when Plaintiff could have raised federal

constitutional objections in Colorado state administrative forum and state judicial

review of administrative decision). Respondents would also be free to refuse to

participate in OAC hearings and simply file federal court actions instead anytime

an enforcement action was filed against them. Indeed, if the Court holds that

RMGO and CCFL's case is not moot, successful complainants could be dragged

into federal court to re-litigate issues even after all OAC and state court appeals

have been completed.

Such a system would drastically undermine the state's ability to enforce its

campaign finance laws and the OAC would be reduced to a paper tiger. The federal

courts would completely supplant their judgement for the OAC, Colorado Court of Appeals and Colorado Supreme Court in cases enforcing Colorado campaign finance law. There is no need for such a drastic step; ample opportunity exists to challenge Colorado campaign finance laws (if needed) as evidenced by past cases not following RMGO and CCFL's attempted short-cut. *See, e.g., Colorado Right to Life Cmte v. Coffman*, 498 F.3d 1137 (10th Cir. 2007) (raising constitutional objections outside any state enforcement action); *Cerbo*, 240 P.3d at 504 (raising constitutional issues in OAC proceedings and state court appeal).

**C. First Amendment rights of those filing complaints may be harmed if *Younger* abstention does not apply to campaign finance enforcement.**

It is not only the respondent in a Colorado campaign finance enforcement case that enjoys First Amendment rights. The complaining party in a private enforcement action also has constitutional rights. Both the First Amendment of the U.S. Constitution and Colo. Const. art. II, § 6 protect the right of Ethics Watch or any other person to petition the government for redress of grievances and enforcement of campaign finance laws by filing and prosecuting its meritorious complaint. This principle applies with full force to the right to petition the government for redress of grievances in judicial settings: "collective activity undertaken to obtain meaningful access to the courts is a fundamental right within the protection of the First Amendment." *United Transp. Union v. State Bar of*

*Michigan*, 401 U.S. 576, 585 (1971). First Amendment protection ends only at "baseless" litigation premised on "intentional falsehoods or knowingly frivolous claims." *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743 (1983) (internal citations omitted). "We have construed the Colorado constitutional provision requiring courts to be open to every person and a speedy remedy be afforded for every injury, Colo. Const. Art. II, Sec. 6, in a similar fashion." *Protect Our Mountain Env't, Inc. v. District Court of County of Jefferson,* 677 P.2d 1361, 1367 n.6 (Colo. 1984). The Colorado Constitution specifically provides Ethics Watch the right to file campaign finance enforcement cases as a "person who believes that a violation" has occurred. Colo. Const. art. XXVIII, § 9(2)(a).

A person that files a meritorious campaign finance complaint, successfully prosecuting through an OAC hearing and order imposing sanctions, should not be subject to retaliatory action by the respondent forcing them to litigate a federal court case on the same issues, even after winning the OAC case. Without *Younger* abstention, Ethics Watch or any other person seeking to exercise their First Amendment right to petition the government through such litigation enforcing Colorado law could be substantially burdened with additional costly federal litigation before, during, and after a legitimate and successful OAC proceeding.

A broad federal court complaint alleging general facial attacks on the entire Colorado campaign finance disclosure scheme could be filed by nearly each

respondent in every OAC case forcing each complainant to litigate those questions in federal court while prosecuting the OAC case regarding specific violations. Arguably, potential complainants could be forced to file their own federal court lawsuit first, before exercising their First Amendment rights and the right to file a complaint under Colo. Const. art. XXVIII, to get a declaratory judgment that the provisions they are about to enforce are not constitutionally infirm in some way. Such an approach is contrary to First Amendment precedent. *See Citizens United v. Fed. Election Com'n*, 558 U.S. 310, 324 (2010) ("The First Amendment does not permit laws that force speakers to retain a campaign finance attorney, conduct demographic marketing research, or seek declaratory rulings" before exercising their rights).

Refusing to apply *Younger* abstention to Colorado campaign finance enforcement proceedings would burden the First Amendment rights of any persons in Colorado seeking to exercise their state law right to file a complaint to enforce state campaign finance laws. Such a risk is not warranted here, where RMGO and CCFL attempt to game the system based on abstract principles, without any personal interest in avoiding disclosure, fines or further state enforcement proceedings.

## CONCLUSION

For the foregoing reasons, this Court should dismiss this appeal for lack of jurisdiction or, in the alternative, affirm the District Court's judgment.

Dated this 4th day of December, 2015.

Respectfully Submitted,

_____*/s/Luis A. Toro*_____
Margaret G. Perl
Luis A. Toro
COLORADO ETHICS WATCH
1630 Welton Street, Suite 203
Denver, CO 80202
Telephone: 303-626-2100

*Attorneys for Appellee Colorado Ethics Watch*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, I served a true and complete copy of the within BRIEF OF APPELLEE COLORADO ETHICS WATCH upon all parties through ECF.

_____*/s/ Luis Toro*_____
Luis Toro

25

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

### Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,375 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.


_____*/s/ Luis Toro*_____
Luis Toro


## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) Any additional hard copies required to be submitted are exact duplicates of this digital submission; and

(2) This digital submissions have been scanned or viruses with the most recent version of a commercial virus scanning program, Symantec Endpoint Protection Small Business Edition and according to the program are free of viruses.


_____*/s/ Luis Toro*_____
Luis Toro